UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WENDELL ANTHONY                              CIVIL ACTION

VERSUS                                       NO: 07-3759

HAROLD SMITH, ET AL                          SECTION: "J" (1)

**ORDER AND REASONS**

Before the Court is the defendants' **Motion for Summary Judgment (Rec. Doc. 23)**. This motion, which is opposed, was set for hearing on December 10, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendants' motion should be granted in part.

**Background Facts**

Plaintiff Wendell Anthony initiated this action against defendants the Town of Kentwood, Louisiana, Harold Smith, the Mayor of Kentwood, and James Rimes, Kentwood's Chief of Police. Anthony is the owner of a rental property located in Kentwood. Anthony's tenant abandoned the property, and when he left the tenant owed $3500 in unpaid rent. In addition, when the tenant

abandoned the rental property he left a diesel construction generator on the property that plaintiff values at greater than $5000. The tenant, Ronnie Shaw, was employed by Kent Trailer Sales. Kent Trailer Sales had asked Shaw to repair a client's generator. Shaw brought the generator to the rental property, but apparently did not complete work on the generator before he abandoned the property.

On or about July 18, 2006, Kent Trailer Sales sought to recover the generator from the abandoned rental property. A representative of Kent Trailer Sales asked the Mayor of Kentwood, Harold Smith, if the town could help with loading the generator onto a trailer. The Mayor directed a city employee to use a backhoe to help load the generator. The generator was then returned to its owner who was a client of Kent Trailer Sales.

At the time the generator was taken from the rental property, Michelle Anthony, plaintiff's former wife, was living at that property. She noticed that the generator was missing and also noticed backhoe marks that she thought had come from city equipment. When she called the city to inquire, she was directed to the Mayor. The Mayor informed Michelle Anthony that he had directed city employees to help move the generator and that he had not thought of asking for permission to go onto the property. Later, Wendell Anthony complained to the Mayor. The Mayor apologized and offered to consider hiring Wendell Anthony for

tree cutting work. Anthony declined this offer and instead attempted to press charges against the Mayor. When Anthony attempted to press charges for trespass and removal of the generator, the police chief, James Rimes, refused to accept the charges.

Subsequently, Wendell Anthony brought this suit pursuant to 42 U.S.C. § 1983 and the state law torts of conversion and abuse of right alleging that the actions of the defendants in removing the generator constituted an unlawful taking of the plaintiff's property, that property being the generator. Anthony also alleges that the defendants are liable for abuse of process for the failure to accept charges against the Mayor. Plaintiff claims that he is entitled to compensatory damages, punitive damages, attorney fees, and court costs for the taking of the generator without due process.

## The Parties' Arguments

Defendants have brought this Motion for Summary Judgment pursuant to Federal Rule of Procedure 56(c) seeking the dismissal of all of plaintiff's claims. Defendants contend that Anthony does not have a cause of action against the defendants under 42 U.S.C. § 1983 because he has not alleged a viable violation of a constitutional right. Specifically, the defendants contend that the plaintiff did not have a valid lessor's lien on the generator

and therefore the generator was not the property of the plaintiff. As a result, the defendants could not have unconstitutionally taken property from the plaintiff since he had no right to that property. For the same reason, the defendants argue that plaintiff's conversion claim should be dismissed. Additionally, the defendants argue that they are immune from liability on all of plaintiff's claims under the doctrine of qualified immunity.

The plaintiff has filed an opposition that solely focuses on the defendants' qualified immunity arguments.[1] The plaintiff argues that the defendants were acting under the color of state law when they removed the generator from his property. Specifically, the plaintiff argues that the Mayor's own statements to Michelle Anthony indicate that he did not believe that his conduct in removing the generator was objectively reasonable. Similarly, the plaintiff contends that the Chief of Police's statements evidence that the plaintiff was unable to file charges against the Mayor or initiate a police investigation

---

[1] Plaintiff incorrectly states in his memorandum that the defendants do not contest that the plaintiff had a valid lessor's lien on the generator. Pl.'s Mem. in Opp'n, Rec. D. 24. In fact, key to the defendants' argument is the assertion that the plaintiff had no valid lessor's lien and thus no interest in the generator. Def.'s Mem. in Support, Rec. D. 23.

because of the Chief of Police's personal animus towards the plaintiff.[2]

**Discussion**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

A. Takings Claim

The Takings Clause of the Fifth Amendment is applied to the States through the Fourteenth Amendment. Chicago, B. & Q.R. Co. v. Chicago, 166 U.S. 226 (1897). The clause provides that "private property" shall not "be taken for public use, without just compensation." U.S. Const. Amend. V. Plaintiff alleges that the defendants action of removing the generator from his

---

[2]The plaintiff has submitted along with his Memorandum the unsworn declarations of himself and Michelle Anthony. Because these unsworn declarations were submitted under penalty of perjury pursuant to 28 U.S.C. § 1746 they are competent summary judgment evidence that may be considered by the Court.

5

property "constitute a 'taking' of Plaintiff's property under color of state law." Compl., Rec. D. 1.

In analyzing any takings claim, the Court must determine whether the claim is ripe for judicial consideration. See <u>Samaad v. City of Dallas</u>, 940 F.2d 925, 933 (5th Cir. 1991). The question of ripeness must be addressed even if, as here, the parties have not independently raised the issue. Generally, a takings claim is only ripe for judicial consideration when the plaintiff has exhausted all possible state law remedies by pursuing and being denied just compensation for the property he claims was taken. See <u>Williamson County Regional Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 194 n. 13 (1985). However, when a plaintiff asserts a "private-use taking" the exhaustion requirement no longer applies as a prerequisite to federal court jurisdiction. <u>Samaad</u>, 940 F.2d at 936-37; <u>Schudmak v. Bossetta</u>, No. 06-893, 2006 WL 1207958, at *5 (E.D. La. May 3, 2006)(Barbier, J.). Plaintiff's takings claim asserted in this suit, if one exists, must be a private-use takings claim since he contends that the property taken from him was taken for the purpose of being returned to its owner and was not kept by the town for a public purpose. As a result, the exhaustion requirement of <u>Williamson County</u> does not apply in this case.

On the substantive question of the plaintiff's takings claim, the defendants argue that no such claim can stand because

6

the plaintiff did not have a valid property interest in the generator. In his complaint, the plaintiff asserts that he had a property interest in the generator by way of a state law lessor's lien. The defendants in this motion argue that no such lessor's lien existed under state law. The plaintiff provided no opposition to this argument.

Louisiana Civil Code article 2707 provides for the creation of a lessor's privilege. "To secure the payment of rent and other obligations arising from the lease of an immovable, the lessor has a privilege on the lessee's movables that are found in or upon the leased property." La. C.C. art. 2707 (Rev. 2004). The Civil Code further provides that a "lessor may lawfully seize a movable that belongs to a third person if it is located in or upon the leased property, unless the lessor knows that the movable is not the property of the lessee." La. C.C. art. 2709 (Rev. 2004). Louisiana Civil Code article 2709 was revised in 2004 and replaced former articles 2707 and 2708 which provided that the movables of a third person were subject to the lessor's privilege if they were in a house store, or shop unless they were only transiently or accidentally located there. See La. C.C. art. 2709 (Rev. 2004), Revision Comment (a). The revision to article 2709 specifically omitted any reference to the existence of a privilege by the lessor over the property of a third person. Id. Instead, the new article 2709 only provides that the lessor

may seize the property of a third person if it does not know that the property does not belong to the lessee. Id. at Revision Comment (c). As a result, article 2709 provides a lessor with the right to seize the movables of a third person, as its title suggests, but specifically does not provide a lessor with an automatic privilege over the movable property of a third person. Id. In this way article 2709 differs from article 2707, which provides a lessor with a privilege over the lessee's movable property.

Under these applicable code provisions, the plaintiff did not have a lessor's privilege over the generator owned by a third party. First, the plaintiff took no action to seize the generator. Instead, he asserts in his complaint that he had a lessor's privilege over the generator that arose when his tenant abandoned the property in January 2006. The plaintiff's complaint states that under Louisiana Civil Code article 2707 the plaintiff "enjoyed a lessor's lien over the property of Defendant found on the premises." Compl., Rec. D. 1. This assertion forms the basis for the plaintiff's claim that he was deprived of this property, i.e. the lessor's lien and interest in the generator, by the actions of the defendants. Initially, it must be noted that the plaintiff's complaint is incorrect because the generator was not the property of any defendant but rather was the property of a third party who was a client of Kent Trailer Sales.

8

Importantly, the plaintiff's assertion is incorrect because he could not have a lessor's lien over the property of a third party by virtue of article 2707. Article 2707, as discussed above, only provides a privilege to the lessor over the lessee's movable property left upon the leased property. Any interest that the plaintiff might have in the movable property of a third party would have to arise under article 2709, and such interest, unlike under article 2707, requires the plaintiff to seize the movable item of the third party. Furthermore, even under the plaintiff's asserted method of acquiring a lessor's privilege, he is required to seize the moveable while it is on the leased property or within fifteen days after it has been removed from the leased property, and seizure after removal from the property can only occur if the movable is the identifiable property of the lessee. La. C.C. art. 2710 (Rev. 2004). The plaintiff took no action to seize and enforce his perceived lien on the generator after it was removed. The second part of article 2709 provides that the movable property of a third party may be seized only if the lessor does not know that the movable is not the property of the lessee. In this case the generator at issue was a large diesel construction generator. It was owned by a client of Kent Trailer Sales. The lessee, who worked for Kent Trailer Sales, brought the generator to the property to complete repair work. The plaintiff's own complaint recognizes the plaintiff's knowledge

9

that the generator was not the property of the lessee. Compl., Rec. D. 1. Given these facts, even if the plaintiff had seized the generator and attempted to use it to satisfy the lessee's debt, which he did not do, he would not have a property interest in the generator pursuant to article 2709.[3]

The result of this analysis is that the plaintiff has erroneously asserted a property interest in the generator when in fact he has none. Since the plaintiff does not have a property interest in the generator there could not have been an unconstitutional private-use taking when the defendants assisted Kent Trailer Sales in recovering the generator and returning it

---

[3] Even prior to the revisions of the pertinent Civil Code articles, the plaintiff would not have a valid property interest in the generator. The earlier provisions granted lessors a privilege on the movable property of a third party when it was not transiently or accidentally on the leased property. See La. C.C. art. 2708 (1870). The language of the former article specifically referenced "merchandise sent to a workman to be made up or repaired" as being exempt from the lessor's privilege. Id. This precisely describes the generator, which was transiently located on the leased premises for the purpose of repair work. Additionally, the lessor's privilege over movable property of a third party provided by the earlier Civil Code articles did not follow the property. Any privilege on such movables was lost when the movable was removed from the leased property with or without the consent of the lessor. Daniel v. Griffis, 479 So. 2d 503, 505 (La. App. 1st Cir. 1985), writ denied 483 So. 2d 1019 (1986). The revisions to these Civil Code articles clearly identify that there is no longer a lessor's privilege on the property of a third party and that instead such property should be seized by the lessor. La. C.C. art. 2709 (Rev. 2004). As long as the lessor does not know that the movable belongs to a third party he will not be liable for wrongful seizure. Id.

to its owner. Thus, summary judgment is warranted on this claim.[4]

C. Due Process Claim

The plaintiff has also asserted a due process claim under 42 U.S.C. § 1983 regarding the defendants' actions of removing the generator from his property. The United States Court of Appeals for the Fifth Circuit has instructed that: "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." Blackburn v. City of Marshall, 42 F.3d 925, 935 (5th Cir. 1995) citing San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 700 (5th Cir. 1991). In the present case the plaintiff asserts a due process violation solely based on the removal of the generator from the leased property. As discussed above, the plaintiff did not have a property interest in the generator. As a result the plaintiff is prohibited from recovering on his theory of a section 1983 due process claim and this claim should be dismissed.

---

[4]The plaintiff's sole basis for his 42 U.S.C. § 1983 claims is the alleged deprivation of his property interest in the generator. The plaintiff does not make any claims based on the physical act of the defendants coming upon his property to assist in the removal of the generator.

11

C. State Law Claims

In connection with his 42 U.S.C. § 1983 claims the plaintiff raises several state law tort claims, including the torts of conversion, abuse of right, and abuse of process. These claims are before the Court pursuant to 28 U.S.C. § 1367 supplemental jurisdiction. See Compl., Rec. D. 1. Since the plaintiff's federal claims are to be dismissed, it is appropriate for the Court to decline to exercise supplemental jurisdiction over the remaining state law claims against the defendants, all of whom are state actors. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). Accordingly,

**IT IS ORDERED** that the defendants' **Motion for Summary Judgment (Rec. Doc. 23)** is **GRANTED** in part. The plaintiff's federal claims based on 42 U.S.C. § 1983 are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's state law claims that are before the Court pursuant to 28 U.S.C. § 1367 supplemental jurisdiction are hereby dismissed without prejudice.

New Orleans, Louisiana, this 20th day of February, 2009.

                                        CARL J. BARBIER
                                        UNITED STATES DISTRICT JUDGE